CL-21-2580-E

CAUSE NO.

| | | |
|---|---|---|
| AR A C   RADO, § | | N THE COUNTY COURT |
| *Plaintiff* § | | |
| § | | |
| v. § | | AT LAW NUMBER ____ |
| § | | |
| XINGDA GAO AND JTRS TRUCKING, § | | |
| LLC, § | | |
| *Defendants* § | | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES MARIA C. PRADO (hereafter referred to as "Plaintiff"), complaining of XINGDA GAO (hereafter referred to as "Gao") and JTRS TRUCKING, LLC (hereafter referred to as "JTRS")  (Gao and JTRS hereafter collectively referred to as "Defendants"), and in support thereof would respectfully show the Court as follows:

### PARTIES

1. Plaintiff MARIA C. PRADO is an individual who resides in Hidalgo County, Texas.

2. Defendant XINGDA GAO is an individual for which service may be perfected via process at 429 S. Almansor St., Alhamba, CA 91801, or wherever he may be found. CITATION IS REQUESTED.

3. Defendant JTRS TRUCKING, LLC is a company doing business in the State of Texas for which service may be perfected via process through its registered agent Rui Wan, 13464 Ramona Pkwy, Baldwin Park, CA 91706, or wherever they may be found. CITATION IS REQUESTED.

### DISCOVERY LEVEL

4. Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**EXHIBIT 1**

Case 7:21-cv-00313 Document 1-1 Filed on 08/20/21 in TXSD Page 2 of 6

Electronically Submitted
7/20/2021 9:58 AM
Hidalgo County Clerk
Accepted by: Gregorio Mata

CL-21-2580-E

## VENUE & JURISDICTION

5. This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the injuries described below.

6. The incident giving rise to this cause of action arose and occurred in Hidalgo County, Texas.

7. Accordingly, the Court has jurisdiction over this matter and Venue is proper in Hidalgo County, Texas.

## FACTUAL ALLEGATIONS

8. On January 12, 2021, Plaintiff MARIA C. PRADO was traveling on 101 West Frontage Road in Pharr, Hidalgo County, Texas. At the same time, Defendant XINGDA GAO, operated a vehicle owned or leased by Defendant JTRS TRUCKING, LLC. Suddenly and without warning, Defendant Gao, among other negligent acts, made an unsafe turn and crashed his vehicle into the vehicle occupied by Plaintiff. The collision caused Plaintiff to sustain serious personal injuries and damages as set forth below. At all times relevant to this suit, Defendant Gao was operating a vehicle owned or leased by Defendant JTRS and was within the regular course and scope of his employment with Defendant JTRS.

9. Nothing Plaintiff did, or failed to do, caused the occurrence in question. Rather, it was the negligence of Defendants that proximately and directly caused the occurrence in question and Plaintiff's resulting injuries and damages.

## CAUSE OF ACTION:
## NEGLIGENCE OF DEFENDANT XINGDA GAO

Case 7:21-cv-00313   Document 1-1   Filed on 08/20/21 in TXSD   Page 3 of 6

CL-21-2580-E

Electronically Submitted
7/20/2021 9:58 AM
Hidalgo County Clerk
Accepted by: Gregorio Mata

10. Defendant Gao had common-law and statutory duties to use ordinary care in the operation of his vehicle. Defendant Gao was negligent by failing to exercise ordinary care in the operation of a vehicle on the above-described occasion. Such negligence includes, but is not limited to (a) making an unsafe turn; (b) driving inattentively; (c) failing to drive as a reasonably prudent driver would drive in the same or similar circumstances; (d) failing to keep a proper lookout for Plaintiff's safety, the safety of others, and the safety of himself that would have been maintained by a person of ordinary prudence under the same or similar circumstances; (e) failing to timely apply the brakes of his vehicle in order to avoid striking Plaintiff's vehicle made basis of this suit as a reasonably prudent driver would under the same or similar circumstances; (f) failing to properly control his vehicle as a reasonably prudent driver would under the same or similar circumstances; (g) failing to timely and safely veer and avoid the collision; (h) failing to maintain a safe distance between his vehicle and the vehicle occupied by Plaintiff; and (i) other violations of the Texas Transportation Code. Such negligence by Defendant Gao was the direct and proximate cause of the occurrence in question and the severe bodily injuries of Plaintiff and all Plaintiff's damages resulting therefrom.

## CAUSE OF ACTION:
## NEGLIGENCE OF JTRS TRUCKING, LLC

11. Defendant JTRS is legally responsible to Plaintiff for the negligent conduct of its driver under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant GAO was at all times material hereto an agent, ostensible agent, servant and/or employee of Defendant JTRS and was acting within the regular course and scope of such agency or employment at the time of the collision described above. As a result thereof, Defendant JTRS is liable for all negligence of Defendant GAO.

Case 7:21-cv-00313   Document 1-1   Filed on 08/20/21 in TXSD   Page 4 of 6

CL-21-2580-E

Electronically Submitted
7/20/2021 9:58 AM
Hidalgo County Clerk
Accepted by: Gregorio Mata

## CAUSE OF ACTION:
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT JTRS TRUCKING, LLC

12.     Defendant JTRS is also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise Defendant Gao.  Furthermore, Defendant JTRS each failed to provide the proper training and instruction to Defendant Gao, which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit.  Defendant JTRS's negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

### DAMAGES

13.     The actions and conduct of Defendants set forth above are the direct and proximate cause of Plaintiff's injuries.

14.     As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff MARIA C. PRADO suffered injuries and damages including the following:

(1) Medical, hospital, and pharmaceutical charges and expenses in the past;

(2) Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

(3) Pain and suffering in the past;

(4) Pain and suffering that, in reasonable probability, will be suffered in the future;

(5) Mental anguish in the past;

(6) Mental anguish that, in reasonable probability, will be suffered in the future;

(7) Disability and impairment in the past;

(8) Disability and impairment that, in reasonable probability, will occur in the future;

Case 7:21-cv-00313   Document 1-1   Filed on 08/20/21 in TXSD   Page 5 of 6

CL-21-2580-E

Electronically Submitted
7/20/2021 9:58 AM
Hidalgo County Clerk
Accepted by: Gregorio Mata

(9) The loss and/or reduction of earning and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and continuing into the future; and

(10) Physical disfigurement in the past and future.

15. As discussed above, Plaintiff has suffered not only easily quantifiable economic damages, but also other forms of damage such as mental anguish and pain and suffering, which Plaintiff will likely continue to suffer in the future.

16. Damages sought are within the jurisdictional limits of the Court.

## REQUEST FOR JURY TRIAL

17. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a trial by jury. Simultaneously with the filing of Plaintiff's Original Petition, a jury fee is being paid along with the filing fees.

## STATEMENT PURSUANT TO T.R.C.P. 47

18. Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiff is seeking monetary relief between $250,000 and $750,000 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

## MISNOMER/ALTER EGO

19. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

5

Case 7:21-cv-00313   Document 1-1   Filed on 08/20/21 in TXSD   Page 6 of 6

CL-21-2580-E

Electronically Submitted
7/20/2021 9:58 AM
Hidalgo County Clerk
Accepted by: Gregorio Mata

# PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiff have judgment against Defendants, that Plaintiff recover respective damages in accordance with the evidence, that Plaintiff recover costs of Court herein expended, that Plaintiff recover interest, both pre- and post-judgment, to which Plaintiff is entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**TIJERINA LEGAL GROUP, P.C.**
1200 South Colonel Rowe Blvd. Suite 4A
McAllen, Texas 78501
Telephone No. (956) 777-7000
Facsimile No. (956) 972-0144
Litigation Email: TijerinaLit@gmail.com

BY: */s/Derek I. Salinas*
HUMBERTO TIJERINA, III
State Bar No. 24028040
CESAR PALMA
State Bar No. 24094884
DEREK I. SALINAS
State Bar No. 24093098

**ATTORNEYS FOR PLAINTIFF**